```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                       :
ROYAL M. HARRISON, pro se,                             :
                                                       :
                          Petitioner,                  :       SUMMARY ORDER
                                                       :       11-CV-3974 (DLI)
            -against-                                  :
                                                       :
DUKE TERREL, Warden,                                   :
                                                       :
                          Respondent.                  :
                                                       :
                                                       :
------------------------------------------------------ x
```

**DORA L. IRIZARRY, United States District Judge:**

On August 15, 2011, *pro se* petitioner Royal M. Harrison ("Petitioner") filed the instant petition pursuant to 28 U.S.C. § 2241 ("Section 2241"), claiming that the United States Bureau of Prisons ("BOP") is unable to provide, or simply refuses to provide, adequate care for his medical condition.[1] (*See* Petition ("Pet."), Doc. Entry No. 1, at 1-2.) Petitioner requests a reduction of his sentence so that he may seek appropriate medical care outside the federal prison system. (*See id.*) For the reasons set forth below, the Petition is transferred to the United States District Court for the Southern District of New York ('SDNY").

On July 16, 2004, in the United States District Court for the Northern District of New York, Petitioner pled guilty to misuse of identification to fraudulently obtain credit and credit loans in violation of 18 U.S.C. §§ 1028(a)(7) and (b)(1)(D). Petitioner was sentenced to twenty-four months of incarceration, which he began serving on July 13, 2011 at the Metropolitan

---

[1] In reviewing the petition, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

Detention Center in Brooklyn, New York ("MDC Brooklyn"). (Gov't Mem. in Response to Pet. ("Gov't Mem."), Doc. Entry No. 5, at 2.) On August 15, 2011, Petitioner, who previously had been diagnosed with cancer, filed the instant habeas petition requesting a sentence reduction on the grounds that: (1) BOP denied him medical treatment for his condition, thereby violating the Eighth Amendment's prohibition on cruel and unusual punishment; and (2) his condition is steadily deteriorating because BOP is unable to provide him with the appropriate medical care. (Pet. at 1-2.) Petitioner claims that an early release would allow him to seek proper medical treatment outside the federal prison system. (*See id.* at 2.) On September 21, 2011, Petitioner was transferred from MDC Brooklyn to the Federal Correctional Institute in Otisville, New York ("FCI Otisville"). (Gov't Mem. at 2)

FCI Otisville is located in Orange County, New York, and, as such, it falls within the jurisdiction of the SDNY. Pursuant to 28 U.S.C. § 2241(a), a petition for a writ of habeas corpus must be filed in the federal district court where the petitioner is incarcerated. This requirement is jurisdictional. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); *Newman v. United States*, No. 08 CV 4203, 2009 WL 922070, at *1 (E.D.N.Y. Apr. 2, 2009). As petitioner is presently incarcerated in Otisville, New York, this Court lacks jurisdiction to adjudicate petitioner's claims.[2]

With respect to Petitioner's claims of poor medical treatment at MDC Brooklyn, the Section 2241 Petition is moot. When a petitioner is transferred from a facility, any claims for injunctive relief against that facility become moot. *See Hill v. Zenk*, 115 F. App'x 97 (2d Cir.

---

[2] In a filing dated January 10, 2012, Plaintiff claims that, despite the transfer to FCI Otisville, he still is not receiving proper medical treatment and his condition continues to deteriorate. (Pet. Letter Brief ("Letter Br."), Doc. Entry No. 11, at 1.). Petitioner attached photographs of his body afflicted with a rash that he claims was the result of the lack of "any proper or timely medical treatment." (*Id.*, Attach. 1-2.). Petitioner reiterates his request for a sentence reduction pursuant to his Section 2241 petition. (*See id.* at 1-2.).

2004). This remains true even if, prior to a transfer, a petitioner properly filed a Section 2241 petition in the district of his or her confinement. *See Allen v. Lindsay*, 2010 WL 5067907, at *2 (E.D.N.Y. Dec. 7, 2010); *Jabarah v. Garcia*, 2010 WL 3834663, at *3 (S.D.N.Y Sept. 30, 2010).

At the time Petitioner initially filed this petition, this Court was the proper venue because he was then incarcerated at MDC Brooklyn, which is within the Eastern District of New York. (Pet. at 1; Gov't Mem. at 2.) However, once Petitioner was transferred from MDC Brooklyn to FCI Otisville, his Section 2241 claim against MDC Brooklyn became moot, as he was no longer confined at that facility and its warden no longer had custody over him. Accordingly, to the extent the petitioner asserts claims against MDC Brooklyn and its personnel, and seeks relief from the conditions at MDC Brooklyn, those claims are moot and must be dismissed for lack of jurisdiction. *See Hill,* 115 F. App'x 97; *Allen*, 2010 WL 5067907; and *Jabarah*, 2010 WL 3834663.

Although Petitioner's Section 2241 petition against the MDC Brooklyn has been dismissed, in light of Petitioner's *pro se* status, the Court must liberally construe the claims raised therein. (*See* FN 1) The facts alleged in the Petition could be construed as raising civil rights and/or tort claims against prison officials. *See Allen*, 2010 WL 5067907, at *3-4 (noting that the facts alleged in a Section 2241 petition raised possible civil rights and/or tort claims). For example, Petitioner's allegation that, in July 2011, MDC Brooklyn officials denied him medical care (Pet. Aff. at ¶ 7), could be construed as a possible claim for deliberate indifference to Petitioner's medical needs pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Hathaway v. Coughlin*, 37 F. 3d 63, 66 (2d Cir. 1994) (holding that the Eighth Amendment "applies to prison officials when they provide medical care to inmates"). The Petition also could be construed as raising a possible medical malpractice tort claim under the

3

Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA"). However, prisoners seeking to litigate either such claim must first exhaust their administrative remedies before filing a federal action. *See* Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA") (setting forth the PLRA's exhaustion requirement for a *Bivens* civil rights action); and 28 U.S.C. § 2675(a) (setting forth the exhaustion requirement for a tort claim under the FTCA). It is unclear from the record to what extent, if at all, Petitioner has exhausted his administrative remedies with respect to these claims. If Petitioner has complied with the exhaustion requirements of the PLRA and/or FTCA concerning *only* his claims of maltreatment at the MDC Brooklyn, he may file such a claim or claims in this court. However, if Petitioner has failed to comply with the exhaustion requirements of the PLRA and/or FTCA, or if he does not wish to pursue any civil rights and/or tort claims in this case, then he should not file such a claim or claims in this court.

## CONCLUSION

For the reasons set forth above, Petitioner's Section 2241 claims against the MDC Brooklyn are dismissed for lack of subject matter jurisdiction. As petitioner is currently in custody at FCI Otisville, which is within the jurisdiction of the Southern District of New York, the Clerk of Court is directed to TRANSFER this case to the U.S. District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1406(a), 2241(a) and to close this case. This Court takes no position on the merits of petition that has been filed. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven-day delay is waived.

SO ORDERED.

Dated: Brooklyn, New York
       August 31, 2012

                                                        /s/
                                              DORA L. IRIZARRY
                                              United States District Judge